**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**Eastern Division**

| | |
|---|---|
| STYGIAN SONGS, TURKEY ON RYE MUSIC d/b/a DO I GET A PICKLE WITH THAT MUSIC, and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., Plaintiffs, v. GOODNIGHT JOHNNY'S AMERICAN MUSIC BAR, LLC and JOHN C. THIBAULT, Defendants. | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiffs, Stygian Songs, Turkey On Rye Music d/b/a Do I Get A Pickle With That Music, and W Chappell Music Corp. d/b/a WC Music Corp., for their complaint against Defendants, Goodnight Johnny's American Music Bar, LLC and John C. Thibault, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) because it is a civil action arising under the Copyright Law of the United States.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1400(a) because the Defendants reside and may be found in this District.

4. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions.

5. SCHEDULE A, annexed to the Complaint, sets forth in table form the specifics of the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

6. On information and belief Defendant Goodnight Johnny's American Music Bar, LLC ("Goodnight Johnny's") is a limited liability company organized under the laws of Massachusetts, with a principal place of business located at 154 Cambridge Street, Burlington, Massachusetts 01803.

7. At all times hereinafter mentioned, Goodnight Johnny's did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Goodnight Johnny's American Music Bar (the "American Music Bar"), located 154 Cambridge Street, Burlington, Massachusetts 01803.

8. Musical compositions were and are publicly performed at the American Music Bar.

9. Defendant John C. Thibault ("Thibault") is an individual who resides and/or does business in this District.

10. Upon information and belief, Thibault resides at 17 Zeus Drive, Chelmsford, MA 01824.

11. At all pertinent times, Thibault was, and still is, an owner, officer, and/or principal of Goodnight Johnny's.

12. At all pertinent times, Thibault was, and still is, responsible for the control, management, operation and maintenance of the affairs of Goodnight Johnny's.

13. At all pertinent times, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the American Music Bar, including the right and ability to supervise and control the public performance of musical compositions at the American Music Bar.

14. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the American Music Bar.

15. The Plaintiff names in Column 2 of Schedule A* are the owners of the copyrights in the original musical compositions listed in Column 3 of Schedule A and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

16. Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

17. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

## DEFENDANTS' COPYRIGHT INFRINGEMENT

18. In undertaking the conduct complained of in this action, Defendants knowingly, intentionally and willfully infringed Plaintiffs' copyrights. Defendants' knowledge and intent are established by at least the following facts.

19. Music is and has been publicly performed at the American Music Bar since at least as early as 2023 without license from Plaintiffs or from ASCAP.

20. For years, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for the American Music Bar.

21. ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and telephone.

22. Defendants have refused all of ASCAP's offers of an ASCAP license for the American Music Bar.

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

23. ASCAP's numerous communications offering a license for the American Music Bar gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at the American Music Bar constitute copyright infringement.

24. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the American Music Bar, including the copyrighted works involved in this action, without license or permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

25. The many unauthorized performances at the American Music Bar include the performances of the three copyrighted musical compositions upon which this action is based.

26. The original musical compositions listed in Column 3 of Schedule A were created and written by the persons named in Column 4 of Schedule A.

27. The original musical compositions listed in Column 3 of Schedule A were published on the dates stated in Column 5 of Schedule A, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

28. Plaintiffs, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3 of Schedule A, and received from the Register of Copyrights a Certificate of Registration, identified in Column 6 of Schedule A.

29. Defendants, on the dates specified in Column 7 of Schedule A, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 of Schedule A by giving public performances of the compositions at the American Music Bar.

30. The public performances at the American Music Bar of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 of Schedule A were unauthorized.

31. At the times of the acts of infringements complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein names.

32. Neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

33. Defendants knowingly, intentionally and willfully infringed Plaintiffs' copyrights.

34. Unless enjoined, Defendants intend to and will continue such infringing performances.

35. Defendants' wrongful acts have caused and are causing injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further infringing acts, Plaintiffs will continue to suffer irreparable injury, for all of which Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing Plaintiffs musical compositions – or any other compositions in the ASCAP repertory for which Defendants have no license – and from causing or permitting unlicensed compositions to be publicly performed at the American Music Bar, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise;

II. That Defendants be ordered to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein;

III. That Defendants be ordered to pay the costs of this action and that the Court award reasonable attorneys' fees to Plaintiffs as part of the costs; and

IV. For such other and further relief as may be just and equitable.

Dated: October 19, 2026

Respectfully submitted,

STYGIAN SONGS, TURKEY ON RYE MUSIC d/b/a DO I GET A PICKLE WITH THAT MUSIC, and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP,

By their attorneys,

DILWORTH IP, LLC

Eric C. Osterberg (BBO #624944)
50 Milk Street, 16th Floor
Boston, MA 02109
(203) 220-8496
eosterberg@dilworthip.com

Certificate of Service

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants October 19, 2026.

Eric Osterberg

4932-1012-9369, v. 2